# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN J. FLYNN,
    Plaintiff,

v.

NFS, et al.,
    Defendants.

No. 3:16-cv-01365 (SRU)

## RULING AND ORDER

Plaintiff John J. Flynn filed this action in Connecticut Superior Court against two

Securities and Exchange Commission (SEC) officials; NFS (a/k/a National Financial Services,

LLC); Fiserv, Inc.; and Fidelity Brokerage Services, LLC; Connecticut State's Attorney Richard

Colangelo; and George Malley. Flynn's claims against all defendants other than the federal

officials were dismissed or resolved against him by the Connecticut state court. With respect to

the remaining defendants—the SEC officials—Flynn claims that they (i) violated the Racketeer

Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 et seq., by way of a

conspiracy to defraud him; (ii) denied his civil and constitutional rights; and (iii) committed

various torts against him.

The United States removed the case to this court, and now moves to dismiss on behalf of

the federal defendants pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), (4), (5), and

(6).[1] The United States argues that Flynn's complaint must be dismissed for lack of subject

---

[1] Federal Rule of Civil Procedure 12(b) provides in pertinent part:
    [A] party may assert the following defenses by motion:
        1)  lack of subject matter jurisdiction;
            . . .
        3)  improper venue;
        4)  insufficient process;

matter jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss is granted.

## I.      Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court must "[c]onstrue all ambiguities and draw[] all inferences in [the plaintiff]'s favor," and "may refer to evidence outside the pleadings." *Id.* "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "When an action is brought against the United States government, compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist. Accordingly, the statute of limitations may operate in suits against the United States . . . [to] deprive a court of subject matter jurisdiction over an action that is not timely filed." *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991).

The Second Circuit has encouraged courts to "consider[] jurisdiction . . . questions first" before determining whether a complaint states a claim upon which relief can be granted. *See Arrowsmith v. United Press Internat'l*, 320 F.2d 219, 221 (2d Cir. 1963). I hold that Rule 12(b)(1) requires dismissal of Flynn's complaint, and therefore do not reach the United States' arguments under Rules 12(b)(3), (4), (5), and (6).

---

5)   insufficient service of process; [and]

6)   failure to state a claim upon which relief can be granted . . . .

2

**II.     Background**

On December 2, 2014, John Flynn filed a *pro se* complaint in Connecticut Superior Court against two SEC officials, Al Lapins and Jack Hardy; NFS (a/k/a National Financial Services, LLC); Fiserv, Inc.; Fidelity Brokerage Services, LLC; Connecticut State's Attorney Richard Colangelo; and George Malley. Flynn's claims against all defendants other than the SEC officials were dismissed or resolved against him by the Superior Court.[2] Thereafter, on August 11, 2016, the United States removed Flynn's suit to federal court pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of actions against the "United States or any agency thereof or any officer . . . of the United States or of any agency thereof." *See* Notice of Removal, Doc. No. 1. The United States attached to its notice of removal a certification that stated the SEC officials were acting within the scope of their employment at the time of the alleged conduct. *See* Certification, Doc. No. 1-4. As a result, the United States has been substituted as defendant for the SEC officials by operation of law. *See* 28 U.S.C. § 2679(d)(2); *see also Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("[A]ny action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.").

Flynn's complaint alleges that he lost control of his investment business, Greenwich Global LP (GGLP), and its assets, as a result of the defendants' conduct. Flynn's claims against the United States through its officials are threefold. First, he alleges violations of RICO, 18 U.S.C. § 1961 et seq. *See* Compl., Doc. No. 10-2, at 2. Flynn states that "[t]he SEC knowingly gave control of GGLP to a criminal enterprise promising to ruin Flynn financially. The SEC

---

[2] The Superior Court granted a motion to strike by Colangelo on July 31, 2015; a motion for summary judgment by Malley on December 21, 2015; and a motion to dismiss by NFS, Fiserv, and Fidelity Brokerage Services on April 11, 2016.

encouraged the looting of substantially all GGLP accounts." *Id.* at 34. Flynn also asserts that the SEC "allowed the [National Association of Securities Dealers, or] NASD directive," *id.*, and "allowed for . . . unauthorized trades, theft, and money laundering." *Id.*

Flynn also makes civil rights and constitutional claims, alleging that the "SEC discriminated against Flynn," *id.* at 10, "den[ied] Flynn basic civil rights to property" and "violated Flynn's due process rights." *Id.* at 34. He contends that the SEC failed to answer or "covered up" 220 complaints that Flynn filed, *id.* at 16, 20, 25, 28; "illegally extended immunity" to private parties that violated his civil rights, *id.* at 26; and ignored a court order regarding him. *Id.*

Finally, Flynn claims that the SEC committed torts, including: misrepresentation, *id.* at 5 ("SEC examiners falsely claimed to be investigating for 6 years."), 24 ("Al Lapins false[ly] claimed to be investigating. . . . Jack Hardy . . . falsely claimed to investigate the money laundering"), 34; fraud, *id.* at 5, ("falsified a complaint"), 6 ("SEC falsified an investigation for more than 10 years"), 9 ("SEC made false statements"), 34; assault, *id.* at 6 ("security personnel of the SEC threatened the Plaintiff with bodily injury"), 11 ("Plaintiff reported threats were made from a non-working number at the [SEC]"), 34 (threats); and theft, *id.* at 26 ("Al Lapins robbed GGLP's CRD deposit account."), 34 ("SEC . . . stole GGLP's assets").

## III.   Discussion

### A.   Sovereign Immunity

The doctrine of sovereign immunity holds that "the United States is immune from suit except to the extent the government has waived its immunity." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000). A waiver of sovereign immunity "must be unequivocally expressed in the statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

RICO does not contain an express waiver of sovereign immunity. *See* 18 U.S.C. § 1962 et seq. Moreover, the United States has not waived sovereign immunity for damages suits based on claims that federal employees violated the Constitution. *FDIC v. Meyer*, 510 U.S. 471, 477–78, 483–86 (1994). Thus, Flynn's RICO and constitutional claims are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *McLean v. Obama*, No. 15-cv-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) ("[E]very court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute."). I therefore hold that both Flynn's RICO and his constitutional claims must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

### B. Statute of Limitations and Failure to Exhaust

As for Flynn's common law tort claims, the United States has waived sovereign immunity for some tort suits under the Federal Tort Claims Act (FTCA), *see* 28 U.S.C. § 1346, but the FTCA bars lawsuits "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," 28 U.S.C. § 2675(a). This "administrative exhaustion requirement is jurisdictional." *Rosario v. Brennan*, No. 3:15CV1440 (JBA), 2016 WL 3525340, at *5 (D. Conn. June 22, 2016); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that exhaustion requirement contained in Section 2675(a) is jurisdictional). Flynn does not allege that he presented his tort claims to the SEC for administrative relief, and thus, I lack jurisdiction to hear his case under the FTCA.

Even if Flynn had exhausted, the FTCA provides a statutory bar for claims of intentional mistreatment. The FTCA expressly precludes recovery on any claim arising out of "assault, battery, . . . malicious prosecution, abuse of process, . . . misrepresentation, deceit, or

interference with contract rights." 28 U.S.C. § 2680(h). "Through that exception, the United States retained sovereign immunity with respect to said intentional torts regarding economic or financial interests," as well as intentional torts regarding assault, battery, malicious prosecution, and abuse of process. *See Gonzalez v. United States*, No. 3:13-cv-650 (CSH), 2014 WL 3738179, at *5 (D. Conn. July 29, 2014) (dismissing *pro se* complaint). Flynn's claims fall squarely within the excepted categories, and are statutorily barred by the FTCA.

Finally, even if Flynn had exhausted and the statutory bar did not apply, I would dismiss Flynn's claims as falling outside the statute of limitations. Flynn asserts injuries by the federal officials based on conduct that began more than a decade ago, and occurred primarily if not exclusively in Washington, D.C.  *See* Compl., Doc. No. 10-2, at 2–3, 8. The statute of limitations in both Connecticut and Washington, D.C. for tort actions is three years. Conn. Gen. Stat. § 52-577; D.C. Code § 12-301(8). Flynn alleges that he knew of, and reported, fraudulent transaction and assets stolen from his securities firm as early as 2000. *See* Compl., Doc. No. 10-2, at 9, 12. This injury to his business is when the statute of limitations began to run. Because Flynn's claims therefore are barred by the three-year state statutes of limitations applicable to common law tort actions, I lack subject matter jurisdiction and dismiss Flynn's complaint pursuant to Rule 12(b)(1). *See Williams*, 947 F.2d at 39 ("[T]he statute of limitations may operate in suits against the United States . . . [to] deprive a court of subject matter jurisdiction over an action that is not timely filed.").[3]

---

[3] The statute of limitations for civil RICO claims is four years, a period that "begins to run when the plaintiff discovers or should have discovered the RICO injury." *Agency Holding Corp. v. Malley-Duff & Assocs.,* 483 U.S. 143, 156 (1987); *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 58 (2d Cir. 1998) (per curiam). Thus, Flynn's RICO claims could also be dismissed for lack of subject matter jurisdiction on the basis of the statute of limitations.

**IV.      Conclusion**

For the above reasons, the United States' motion to dismiss for lack of subject matter jurisdiction [**Doc. No. 10**] is **GRANTED**. Flynn's motion to reopen [**Doc. No. 4**], motion to consolidate [**Doc. No. 17**], motion for discovery [**Doc. No. 27**], motion for default judgment [**Doc. No. 29**], and motion for deposition [**Doc. No. 30**] are **DENIED**. The Clerk is directed to enter judgment for the defendants and close the case.


So ordered.

Dated at Bridgeport, Connecticut, this 15th day of December 2016.


                                                                 /s/ STEFAN R. UNDERHILL
                                                                 Stefan R. Underhill
                                                                 United States District Judge